## D. D. Roberts et al. v. The People ex rel., etc.

1. MUNICIPAL CORPORATIONS—*No Discretionary Power in Proceedings to Disconnect Territory.*—The president and trustees of a village incorporated under the general law have no discretionary power in passing upon a proper petition to disconnect territory, after finding that the petitioners have complied with the statute and brought themselves within its terms.

2. SAME—*Questions to be Determined in Proceedings to Disconnect Territory.*—Upon the filing of a petition to disconnect territory, the only questions for the board of trustees to determine are whether the territory is located as required by the statute and whether the petition has been properly signed.

3. MANDAMUS—*Lies to Compel Action Under a Petition to Disconnect Territory.*—Mandamus will lie to compel an investigation of the facts in a petition to disconnect territory and to pass an ordinance granting the prayer of the petition if the necessary facts are found to exist.

Mandamus.—Appeal from the Circuit Court of Edgar County; the Hon. HENRY VAN SELLER, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed February 28, 1901.

VAN SELLAR & SHEPHERD, attorneys for appellants.

ROBERT L. McKINLAY, attorney for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Edgar County, awarding a peremptory writ of mandamus to compel appellants, as president and trustees of the village of Redmon, in said county, to pass an ordinance disconnecting certain territory from the village.

The petition filed by the relators is based upon an act of the General Assembly entitled " An act in relation to the disconnection of territory from cities and villages," approved May 29, 1879, Hurd's Revised Statutes of 1898," 289.

The same question is presented by this case, practically, as was considered by the Supreme Court in Young et al. v. Carey et al., 184 Ill. 613. In that case the Supreme Court, reversing the judgment of this court, held that the president and trustees of a village have, under the statute, no discretionary power in passing upon a proper petition to disconnect territory from a village after finding that the petitioners have complied with the statute and brought themselves within its terms. It there held that upon the filing of a petition to disconnect, under the act referred to, the only question for the board of trustees to determine are, whether the territory is located as required by statute and whether the petition was signed as required by statute, and that mandamus will lie to compel an investigation of such facts and to pass an ordinance granting the petition if the required facts are found to exist.

Upon the authority Young et al. v. Carey et al., *supra*, the order of the Circuit Court will be affirmed.